IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:17-CR-22 (MTT) |
| | ) |
| EVERETTE HILL (8), | ) |
| DERRICK MOSLEY (9), | ) |
| JEVON DESHAWN CLARK (14), and | ) |
| DESMOND MONTERIOR DENNIS (16) | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Defendants Everette Hill, Derrick Mosley, Jevon Deshawn Clark, and Desmond Monterio Dennis, have moved for severance and for separate trials pursuant to Federal Rule of Criminal Procedure 14(a). Docs. 284; 289; 292; 295. For the reasons stated herein, the motions are **DENIED**.

## I. BACKGROUND

On September 21, 2017, the grand jury indicted the moving Defendants, along with 12 other defendants, in a 60 count indictment.[1] Doc. 249. Defendant Dennis was charged with conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base. *Id.* at 2, 35. Defendant Mosely was charged with conspiracy to possess with intent to distribute cocaine base. *Id.* at 2. Defendant Clark was charged with conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base. *Id.* at 2, 23. Defendant Hill was charged with conspiracy to possess with intent to distribute cocaine base, distribution of heroin, possession of a

---
[1] The September 21, 2017 indictment superseded a previous indictment entered on May 11, 2017, which included 51 counts. Doc. 1.

firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. *Id.* at 2, 17, 18. The moving Defendants ask that they each be tried separately. Docs. 284; 289; 292; 295.

## II. DISCUSSION

Generally, "defendants who are jointly indicted should be tried together, particularly in conspiracy cases." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005) (citations omitted), *abrogated on other grounds by Davis v. Washington*, 547 U.S. 813, 821 (2006). Federal Rule of Criminal Procedure 14(a) specifies: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "In considering a motion to sever, the district court must balance the prejudice that a defendant may suffer from a joint trial, against the public's interest in judicial economy and efficiency." *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995) (quotation marks and citation omitted).

The Eleventh Circuit has provided a two-part inquiry to determine whether severance should be granted. *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004) (citing *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993)). First, the court must determine if the defendant will indeed suffer prejudice from a joint trial. *Id.* at 1122. If so, then the court must determine whether severance is the proper remedy for that prejudice. *Id.* Severance is only required when a defendant "demonstrate[s] that a joint trial will result in specific and compelling prejudice to the conduct of his defense," which other curative measures cannot mitigate. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). Indeed, severance is only mandatory in two scenarios: (1) where a joint trial leads to the denial of a constitutional right and (2) where a joint trial would

prevent the jury from making a reliable judgment about the defendant's guilt or innocence. *Blankenship*, 382 F.3d at 1123 (citing *Zafiro*, 506 U.S. at 539). Defendants hold a "heavy burden" to prove severance is mandatory, "which mere conclusory allegations cannot carry." *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993).

The Defendants argue that severance is proper because (1) their defenses will be tainted by the potentially voluminous evidence against other co-defendants and (2) their defenses are in conflict and antagonistic to those of other co-defendants. Docs. 284 at 1-2; 289 at 1-2; 292 at 1-2; 295 at 1-2. Even assuming that the Defendants will suffer some prejudice from these circumstances, the Defendants have not established "specific and compelling prejudice to the conduct of [their] defense" to require severance. *See Schlei*, 122 F.3d at 984.

First, holding a joint trial when there is voluminous evidence against other co-defendants does not deny defendants a constitutional right. *See Schlei*, 122 F.3d at 984 ("The mere fact that there may be an enormous disparity in the evidence admissible against [one defendant] compared to the other defendants [does] not [require severance]." (quotation marks omitted)). And a defendant is not necessarily denied a constitutional right when his defenses are antagonistic or in conflict with those of jointly-tried co-defendants. *Zafiro*, 506 U.S. at 538-39 (stating that "[m]utually antagonistic defenses are not prejudicial *per se*" and does not mandate severance).

Nor have the moving Defendants, all of whom are alleged to be members of the conspiracy, established that a jury could not make a reliable judgment. In *United States v. Blankenship*, the Eleventh Circuit described three circumstances in which a jury could not make a reliable judgment, none of which are present here. The Defendants have not established there is evidence, which would not be admissible against them but is

admissible against one or more of their co-defendants, that "is so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants." *Blankenship*, 382 F.3d at 1123-24. Next, this is not a case "in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently. *Id.* at 1124. And finally, none of the defendants are "charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of the other defendants." *Id.* at 1125.

Therefore, balancing the prejudice that Defendants may suffer from a joint trial against the public's interest in judicial economy and efficiency, the Court finds that severance is not required and any prejudice to the Defendants may be adequately mitigated through other curative measures.

### III. CONCLUSION

Accordingly, the Defendants' motions to sever (Docs. 284; 289; 292; 295) are **DENIED**.

**SO ORDERED,** this 22nd day of March, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT