**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | **CASE NO. 5:17-cr-22 (MTT)** |
| **EVERETTE HILL,** ) | |
| ) | |
| ) | |
| **Movant.** ) | |
| _____ ) | |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends granting the

United States' motion to dismiss (Doc. 758) Everette Hill's motion (Docs. 751; 755) to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on timeliness

grounds.  Doc. 775.  Hill objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court

reviews de novo the portions of the Recommendation to which Hill objects.

Hill was convicted of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1)

and § 841(b)(1)(C).  Docs. 382, 383, 633 ¶ 1, 638.  To challenge his conviction under

Section 2255, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

provides that motions must be filed within one year of four possible triggering dates.  28

U.S.C. § 2255(f).  The usual triggering date is "the date on which the judgment of

conviction becomes final."  28 U.S.C. § 2255(f)(1).  As the Magistrate Judge correctly

concluded, Hill's conviction became final on September 9, 2019, so his AEDPA clock

expired on September 9, 2020—sixteen months before Hill filed his Section 2255

motion in January of 2022.  Docs. 751; 775 at 3.

Hill contends that a different timeliness provision set by 28 U.S.C. § 2255(f)(3) applies to save his motion.  *See* Docs. 776; 777; 779.  Specifically, Section 2255(f)(3) sets as an alternative triggering date "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Hill cites two Supreme Court decisions, *Borden v. United States*, 141 S. Ct. 1817 (2021) and *United States v. Taylor*, 142 S. Ct. 2015 (2022), as recognizing new, retroactive rights that activate the Section 2255(f)(3) triggering date.  Docs. 776 at 5-6; 7-9.  Relying on both *Borden* and *Taylor*, Hill asks the Court to set aside his career offender sentence by declaring that the Georgia predicate conviction for obstruction of a law enforcement officer was improperly used to enhance his sentence under U.S.S.G. § 4B1.2(a).[1]

In *Borden*, the Supreme Court held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under the [Armed Career Criminal Act]." 141 S. Ct. at 1832.  Of course, Hill was convicted of distribution of heroin, not a firearms offense.  Nonetheless, Hill contends that because his career offender designation was based in part on his Georgia conviction for willful obstruction of a law enforcement officer, then *Borden* necessarily invalidates his career offender designation.  Even if Hill's strained reading of *Borden* were correct, and even if the Court's sentencing

---

[1] Designation as a career offender requires, in relevant part, that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In a post-sentencing order denying Hill's motion to correct the presentence report, the Court advised Hill that his qualifying offenses are contained in paragraphs 47, 55, and 68 of his of the presentence report.  Doc. 750 (citing Doc. 633).  Hill rightfully concedes his conviction for a violation of the Georgia Controlled Substances Act, contained in paragraph 47 of his presentence report, constitutes a predicate "controlled substance offense" under § 4B1.1(a).  Doc. 777 at 2-3.  Thus, the dispositive issue raised by Hill's objections is whether the predicate conviction for obstruction of a law enforcement officer is a crime of violence as defined by U.S.S.G. § 4B1.2(a).

enhancement was only based on one qualifying drug offense, Hill would not prevail.  As

noted by the Magistrate Judge, "[o]nly substantive new rules, as opposed to procedural

new rules, apply retroactively on collateral review."  Doc. 775 at 3-4 (citing *Teague v.

Lane*, 489 U.S. 288, 310 (1989)).   "A rule is substantive rather than procedural if it

alters the range of conduct or the class of persons that the law punishes."  *Schriro v.

Summerlin*, 542 U.S. 348, 353 (2004).  In the ACCA context, "*Borden* is properly

understood as establishing a substantive rule because it interpreted the language of

ACCA's elements clause—which … is materially identical to § 924(c)'s elements

clause—and held it did not reach predicate crimes that can be committed recklessly."

*United States v. Toki*, 23 F.4th 1277, 1281 (10th Cir. 2022) (citing *Borden*, 141 S. Ct. at

1825).  But Hill wasn't sentenced under the ACCA, rather, he cites *Borden* to challenge

the Court's application of the sentencing guidelines for his drug conviction.  That

distinction is significant—outside of the ACCA context *Borden* is simply not a

substantive new rule that entitles Hill to retroactive review.  *See Teague*, 489 U.S. at

310.

In contrast to substantive new rules, "rules that regulate only the *manner of

determining* the defendant's culpability are procedural," and thus are not subject to

retroactive collateral review.  *Schriro*, 542 U.S. at 353 (emphasis in original).  A district

court's failure to correctly calculate the Guidelines range falls squarely in this category.

*Peugh v. United States*, 569 U.S. 530, 537 (2013).  Even so, two exceptions exist which

the Court will address.  *Teague*, 489 U.S. at 311-313.  First, a new procedural rule may

apply retroactively if it places "certain kinds of primary, private individual conduct

beyond the power of the criminal law-making authority to proscribe."  *Id.* at 311.  Just as

in *Teague*, the first exception is not relevant here.  Second, a new rule should be

applied retroactively if it establishes "watershed rules of criminal procedure" that

"implicate the fundamental fairness of the trial" and "without which the likelihood of an

accurate conviction is seriously diminished."  *Id.* at 311-313 (internal quotations

omitted).  Put differently, for a procedural rule to apply retroactively under the second

exception, that rule must be of the ilk of "the classic grounds for the issuance of a writ of

habeas corpus—that the proceeding was dominated by mob violence; that the

prosecutor knowingly made use of perjured testimony; or that the conviction was based

on a confession extorted from the defendant by brutal methods."  *Id.* at 313 (quoting

*Rose v. Lundy*, 455 U.S. 509, 544 (1982) (STEVENS, J., dissenting)).  As in *Teague*,

the new rule announced in *Borden* is not a "bedrock procedural element" necessary to

establish retroactive collateral review.  489 U.S. at 313.  In short, the Magistrate Judge

correctly concluded *Borden* does not help Hill.[2]

The Magistrate Judge did not address *Taylor* which is understandable given that

Hill first raised his *Taylor* argument in a "Supplemental Motion," filed after the

Recommendation was entered.  *See* Docs. 775; 776.  In any event, Hill's reliance on

*Taylor* is similarly misplaced.  In *Taylor*, the Supreme Court held that attempted Hobbs

Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)

because "no element of attempted Hobbs Act robbery requires proof that the defendant

used, attempted to use, or threatened to use force."  142 S. Ct. at 2021.  In other words,

---

[2] Hill's *Borden* claim, as the government notes in its motion to dismiss, would fail even if it were addressed on the merits because O.C.G.A. § 16-10-24(b) requires knowing and willful obstruction or hinderance—a *mens rea* that exceeds mere recklessness.  Doc. 758 at 5 n.2; *see United States v. Burns*, 736 F. App'x 243, 244 (11th Cir. 2018) (holding that felony obstruction of a law enforcement officer under O.C.G.A. § 16-10-24(b) is a "crime of violence" for purposes of the career-offender enhancement and adding that the statute "applies only to those who obstruct a law enforcement officer 'by offering or doing violence' to the officer's person.").

-5-

"where a crime may be committed by the threatened use of force, an attempt to commit that crime—i.e., an attempt to threaten—falls outside the elements clause." *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022).  If, on the other hand, a completed crime cannot be committed by threat but rather *always* requires the use of physical force, then the *attempt* to commit that crime necessarily includes as an element the attempted use of force.  *Id.* at 1346-47.  As such, the Eleventh Circuit held that Violent Crimes in Aid of Racketeering attempted murder is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).  *Id.* at 1348.  Simply put, *Taylor* did not invalidate the elements clause of either 18 U.S.C. § 924(c)(3)(A) or, by extension, U.S.S.G. § 4B1.2(a)(1), and *Taylor* is inapplicable to Hill's challenge to his career offender sentence for that reason.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 775) is **ADOPTED** and made the Order of the Court.  Accordingly, the United States' motion (Doc. 758) is **GRANTED**, and Hill's motion (Docs. 751; 755) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED** as untimely.

**SO ORDERED**, this 28th day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT