IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) CASE NO. 5:17-CR-22-8 (MTT) | |
| EVERETTE HILL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Federal prisoner Everette Hill, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1).  For the following reasons, that motion (Doc. 812) is **DENIED**.[1]

### I. BACKGROUND

On May 31, 2018, Hill pleaded guilty to Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).  Doc. 383.  On December 17, 2018, Hill was sentenced to 210 months imprisonment.  Doc. 638.  His expected release date is September 14, 2033.  Federal Bureau of Prisons, *Find an Inmate*, Inmate Locator (bop.gov) (search "Everette Hill") (last visited February 7, 2025).

### II. STANDARD

Under the First Step Act of 2018, a defendant who has exhausted his administrative rights can move for a sentence reduction, commonly called "compassionate release."  18 U.S.C. § 3582(c)(1)(A).  On the defendant's motion, a

---

[1] On November 20, 2024, Hill also filed a Motion for Disposition Inquiry requesting information about his motion for compassionate release.  Doc. 820.  That motion is **TERMINATED** as moot.

court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction.[2]

*Id.* U.S.S.G. § 1B1.13 is the applicable policy statement governing compassionate release motions. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

Section 1B1.13, as amended effective November 1, 2023, provides that six circumstances qualify as extraordinary and compelling reasons. Those circumstances, generally, are: (1) the defendant's medical circumstances; (2) the defendant's advanced age; (3) the defendant's family circumstances; (4) the defendant was a victim of sexual or physical abuse committed by "a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant"; (5) "other reasons"; and (6) the defendant's "unusually long sentence." U.S.S.G. § 1B1.13(b). With the exception of subsection (b)(6), a court cannot consider "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) … for purposes of determining whether an extraordinary and compelling reason exists." § 1B1.13(c).

If the defendant has established an extraordinary and compelling reason, then the court moves on to consider whether the defendant is "a danger to the safety of any other person or to the community" and the § 3553(a) factors. U.S.S.G. § 1B1.13(a)(2); *Bryant*, 996 F.3d at 1254. If the defendant has failed to establish an extraordinary and

---

[2] A defendant can also move for a sentence reduction if he is at least 70 years old and meets other specified criteria. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(1)(B).

compelling reason, the court need not consider the § 3553(a) factors. *United States v. Giron*, 15 F.4th 1343, 1347-50 (11th Cir. 2021).

### III. DISCUSSION

Hill argues only that his family circumstances warrant compassionate release because his elderly mother needs a caregiver. Doc. 812. However, to establish that his family circumstances are extraordinary and compelling, Hill must show that he "would be the only available caregiver" for his mother. U.S.S.G. § 1B1.13(b)(3)(C). Hill cannot make the required showing because his mother lives at a nursing care facility where she has access to other caregivers. Doc. 812 at 1. Thus, Hill has failed to establish that his family circumstances, or any other circumstances, are an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3). [3]

Because Hill has not established an extraordinary and compelling reason for compassionate release, the Court need not consider the § 3553(a) factors. *Giron*, 15 F.4th at 1347-50.

### IV. CONCLUSION

Hill has failed to show an extraordinary and compelling reason for compassionate release and, thus, his motion for compassionate release (Doc. 812) is **DENIED**.

**SO ORDERED**, this 12th day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Hill also expresses remorse for his crime and states that he has learned his lesson. Doc. 812 at 2. That is not a reason for compassionate release under U.S.S.G. § 1B1.13.